UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, -against- CICERO WILLIAMS, Defendant. | : | 22 Cr. 571 (LGS) ORDER |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Cicero Williams ("Defendant") is charged with a single count of possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The charge is in connection with Defendant's shooting of a victim on the night of September 15, 2022. Video evidence submitted by the Government shows a verbal altercation between Defendant and his son and the victim at an apartment building complex in the Bronx. Defendant and his son then walked away and entered a building in the building complex. Shortly after, Defendant and his son came out of the building and walked to a house nearby where the victim was located, where Defendant drew a firearm and shot the victim. Defendant briefly walked away as the victim slumped against the house, but then returned and fired his gun at the victim again before leaving the scene with his son. While fleeing, Defendant handed off the firearm to another individual. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and Federal Rule of Criminal Procedure 16, Defendant moves to compel the Government to produce documents that Defendant alleges may be material to a potential necessity defense. The Government opposes providing any of these documents;

WHEREAS, Defendant seeks seven categories of documents from the Government: (1) Defendant's statements to law enforcement made as a cooperating witness; (2) records of payments made by law enforcement to Defendant in his capacity as a cooperating witness; (3)

Otherwise Illegal Activity authorizations made for Defendant while he was acting as a cooperating witness; (4) Defendant's complete probation records; (5) law enforcement records relating to the victim's identity and affiliations, reports of the NYPD officers on the night of the victim's shooting, information regarding other shootings that Defendant referenced in a post-arrest interview and information on individuals whom Defendant identified as having threatened him or his family; (6) the victim's toxicology report and (7) law enforcement records relating to two separate prosecutions in which Mr. Williams was a defendant and testifying witness and to a stabbing that Defendant suffered because of his cooperation with the Government;

WHEREAS, "[t]he Second Circuit has left open the question of whether the affirmative defense of necessity is available in the felon-in-possession context." *United States v. Spralling*, No. 20 Crim. 490, 2022 WL 17251361, at *2 (S.D.N.Y. Nov. 28, 2022). On several occasions, the Second Circuit has assumed without deciding that a person charged with violating § 922(g)(1) may assert such a defense. *See, e.g.*, *United States v. White*, 552 F.3d 240, 250 (2d Cir. 2009); *United States v. Williams*, 389 F.3d 402, 404-05 (2d Cir. 2004); *United States v. Johnson*, 816 F. App'x 604, 609 (2d Cir. 2020) (summary order). In describing this theoretically available defense, the Second Circuit has consistently emphasized that it be construed "very narrowly" and that the defendant "must establish that he did not maintain possession of the weapon at issue any longer than absolutely necessary." *White*, 552 F.3d at 247. This stringent approach tracks that of the circuit courts that have affirmatively recognized necessity as a defense to a felon-in-possession charge. *See, e.g.*, *United States v. Paolello*, 951 F.2d 537, 542 (3d Cir. 1991) ("Congress wrote section 922(g) in absolute terms . . . . To ensure that this strict prohibition is effectuated, we should require that the defendant meet a high level of proof to establish the defense of justification."); *United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996) ("The defense

of necessity will rarely lie in a felon-in-possession case unless the ex-felon, not being engaged in criminal activity, does nothing more than grab a gun with which he or another is being threatened . . . ."); *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000) ("[W]e also agree with [other] circuits that this [necessity] defense is available in § 922(g)(1) cases in only extraordinary circumstances.");

WHEREAS, Defendant relies on *United States v. Gomez*, 92 F.3d 770 (9th Cir. 1996), to support his argument that the possibility of a necessity defense entitles him to the documents he seeks. *Gomez* involved extreme circumstances. *Perez*, 86 F.3d at 737 ("[O]nly in the most extraordinary circumstances, illustrated by *United States v. Gomez*, . . . will the [necessity] defense entitle the ex-felon to arm himself . . . ."). In *Gomez*, the Government failed to extend protections to the defendant after effectively outing him -- despite assurances otherwise -- as a confidential informant in a murder-for-hire investigation. *Gomez*, 92 F.3d at 772-73. Mr. Gomez received numerous threats to his life and safety, including being "accosted by a man with a gun who asked why he had cooperated with law enforcement" and learning from his sister that "there was a contract out on his life." *Id.* at 773. Federal agents declined his requests for protective custody. *Id.* Mr. Gomez was "running for his life" when two customs agents found him hiding at a friend's house, armed with a shotgun despite his felon status. *Id.* The Ninth Circuit, reviewing the circumstances, held that Mr. Gomez could raise a necessity defense to the resulting felon-in-possession charge. Mr. Gomez faced a "present and immediate" threat, had been placed in danger by the Government's careless disclosure of his identity in an indictment, pursued numerous legal avenues for self-protection prior to arming himself and was not "looking for trouble" when law enforcement discovered he was armed. *Id.* at 776-78;

WHEREAS, *Gomez* and other cases recognizing a necessity defense to a felon-in-

possession charge agree that the defense is available only in the rarest of circumstances. The video tapes of the shooting submitted by the Government make clear that Defendant's case does not present that rare circumstance. The video shows that Defendant initiated the encounter; Defendant walked toward the victim; the victim was socializing with others in front of a house and was not threatening Defendant; the victim did not fire any shots; Defendant fired the first shot causing the Victim to slump against the house; Defendant walked away for five seconds and Defendant returned and fired a second shot. In contrast to *Gomez*, Defendant cannot plausibly suggest that he was not "looking for trouble" when he was armed. *Id.* at 778. Instead of choosing to remain in the building where he retreated after his verbal altercation with the victim, Defendant armed himself and sought out the victim. Under these circumstances, Defendant cannot "establish that he did not maintain possession of the weapon at issue any longer than absolutely necessary." *White*, 552 F.3d at 247;

WHEREAS, Defendant asserts he feared for his safety after cooperating with the Government in several criminal matters. This is insufficient to support a necessity defense -- even crediting that he had been violently attacked in prison by two individuals against whom he had testified; that after prison he returned to his home community, which was also home to numerous people against whom Defendant had testified, and that as a Government cooperator, he reasonably feared that the subjects of that cooperation -- or their friends and associates -- would seek retribution from him. The Court is sympathetic to Defendant's difficult situation. But courts consistently have found that "[i]f ex-felons who feel endangered can carry guns, felon-in-possession laws will be dead letters." *Perez*, 86 F.3d at 737*; accord United States v. Butler*, 485 F.3d 569, 575 (10th Cir. 2007) (quoting *Perez*, and further "insisting that the evidence of a threat of serious injury or death is actually present, imminent and impending"); *United States v. Reed*,

173 F. App'x 184, 187 (3d Cir. 2006). There is no basis for the broad exemption that Defendant seeks in the felon-in-possession statute;

WHEREAS, "[t]he basic rule of *Brady* is that the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001); *accord United States v. Davis*, No. 17 Crim. 610, 2018 WL 4373998, at *10 (S.D.N.Y. Sept. 13, 2018). "Evidence is favorable if it is either exculpatory or impeaching, and it is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Rowland*, 826 F.3d 100, 111 (2d Cir. 2016); *accord Alvarez v. Kirkpatrick*, No. 15 Civ. 8076, 2019 WL 2425181, at *14 (S.D.N.Y. Mar. 1, 2019). Here, where Defendant seeks evidence in aid of a defense that may not be available at all, and in any event is unavailable to him, there is no "reasonable probability" that the requested material would affect his ability to prevail on that defense. This Order should not be interpreted to limit or relieve the Government of its burden to produce *Brady* material for reasons unrelated to the purported necessity defense;

WHEREAS, insofar as Defendant's request relies on Fed. R. Crim. P. 16, "this rule does not entitle a criminal defendant to a broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up." *United States v. Neumann*, No. 21 Crim. 439, 2022 WL 3445820, at *18 (S.D.N.Y. Aug. 17, 2022) (alteration in original). It is hereby

**ORDERED** that Defendant's motion to compel is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 32.

Dated: June 30, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE