UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                              -against-

   CICERO WILLIAMS,
                                     Defendant,
------------------------------------------------------------- X

22 Cr. 571 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Government filed a motion *in limine* seeking to preclude evidence, argument or witness examination by Defendant at trial regarding necessity or any other justification defense to the felon-in-possession charge, including preclusion of portions of Defendant's recorded post-arrest statement or reference to his prior cooperation with the Government;

      WHEREAS, the Court's June 30, 2023, Order denied Defendant's motion to compel the Government to produce documents that Defendant alleged may be material to a potential necessity defense. That Order held that under Second Circuit precedent, such a defense "may not be available at all, and in any event is unavailable to [Defendant]";

      WHEREAS, "[a] federal court may preclude a defendant from presenting a defense when the evidence in support of such a defense would be legally insufficient." *United States v. Williams*, 389 F.3d 402, 404 (2d Cir. 2004) [1]; *accord United States v. Neumann*, No. 21 Crim. 439, 2022 WL 3445820, at *12 (S.D.N.Y. Aug. 17, 2022) (holding that a defendant must "proffer[] legally sufficient evidence" to assert an affirmative defense). The Second Circuit has left open the question of whether the affirmative defense of necessity is available against a felon-

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

in-possession charge. *United States v. White*, 552 F.3d 240, 246-47 (2d Cir. 2009). In assuming without deciding whether the necessity defense would be available, the Second Circuit has listed the elements of the defense as follows: (1) "the defendant or a third person was under unlawful and present, imminent, and impending threat of death or serious bodily injury;" (2) "the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) "the defendant had no reasonable legal alternative to violating the law by taking possession of a weapon;" (4) "there was a direct causal relationship between the criminal action [of] possessing the weapon in violation of § 922(g)(1) . . . and the avoidance of the threatened harm;" and (5) "the defendant . . . did not maintain possession of the weapon at issue any longer than absolutely necessary." *Id.* at 247. Circuit courts that have recognized the necessity defense typically group justification defenses together. *See, e.g.*, *United States v. Leahy*, 473 F.3d 401, 403 (1st Cir. 2007) ("We hold that there is a justification defense available in felon-in-possession cases, which typically encompasses duress, necessity, and self-defense.");

WHEREAS, it is "plain that the evidence presented in this case [is] wholly insufficient to support either a 'necessity' or 'defense of others' justification defense under any reasonable articulation." *See United States v. Kopp*, 562 F.3d 141, 145 (2d Cir. 2009). In describing a theoretically available necessity defense, the Second Circuit has said that the relevant inquiry is not whether a defendant acted reasonably, but whether the defendant has *no* "reasonable legal alternative to violating the law by taking possession of a weapon." *White*, 552 F.3d at 247. Here, the video evidence forecloses any argument that Defendant had no "reasonable legal alternative." *Id.* The video evidence shows that, after a verbal altercation between Defendant and his son and the victim, Defendant walked away and entered what the Government describes as a building in a

2

building complex that also contained Defendant's own apartment building.  His first reasonable legal alternative to arming himself would have been to refrain from returning to the victim and the scene of the verbal altercation.  Even if Defendant somehow felt -- after leaving the scene of the verbal altercation -- that he still was "under [an] unlawful and present, imminent, and impending threat of death or serious bodily injury," *id.* at 247, he "could have called the police" -- a reasonable legal alternative.  *United States v. Spralling*, No. 20 Crim. 490, 2022 WL 17251361, at *3 (S.D.N.Y. Nov. 28, 2022); *accord United States v. Gregg*, No. 1 Crim. 501, 2002 WL 1808235, at *4 (S.D.N.Y. Aug. 6, 2002) (noting that defendant "could have called 911" as a "reasonable and legal alternative.").  Defendant did neither of these things.  The video evidence shows that Defendant instead returned to the victim, drew a firearm and shot the victim.

WHEREAS, Defendant, in opposing the Government's motion *in limine*, contends that the evidence the Government seeks to suppress may be used to show that Defendant and his family faced threats of violence from people that they "reasonably believed to be dangerous criminals."  Even if the evidence bears this out, Defendant does not -- because he cannot -- suggest that the evidence will show that he lacked a reasonable legal alternative to possessing a firearm.  But a necessity defense, if available at all, requires as an essential element that no reasonable legal alternative be available to Defendant.  *See White*, 552 F.3d at 247.  The Court may preclude a defendant from arguing an affirmative defense to a jury where the defendant "fail[s] to reference any evidence whatsoever to substantiate their claim[]" to that defense.  *See, e.g.*, *United States v. Malka*, 602 F. Supp. 3d 510, 541-42 (S.D.N.Y. 2022) (precluding defendants from presenting to a jury an affirmative defense to charges under the International Parental Kidnapping Crime Act "absent any evidence supporting their claims.");

WHEREAS, as a matter of law, the necessity defense, if available at all, is not available to Defendant. It is within the Court's purview to "prevent[] the jury from concluding that [Defendant] had not acted unlawfully based upon a defense that was not legally warranted by the evidence." *Kopp*, 562 F.3d at 145 (upholding the district court's finding that the evidence was insufficient to support a necessity defense, and that defendant could therefore be precluded from presenting such a defense to the jury); *see White*, 552 F.3d at 246 ("A federal court may decline to instruct on an affirmative defense, moreover, when the evidence in support of such a defense would be legally insufficient."). It is hereby

**ORDERED** that the Government's motion *in limine* to evidence or argument regarding necessity or any other justification defense is GRANTED.

Dated: July 20, 2023
      New York, New York

                                             LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE